UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRAH MARTINEZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF SONOMA, et al.,<br><br>  Defendants. | Case No.  15-cv-01953-JST<br><br>**ORDER APPOINTING GUARDIAN AD LITEM**<br><br>Re: ECF No. 11 |

This putative class action alleges that the County of Sonoma's practices in housing juveniles removed from their homes are in violation of provisions of the California Welfare and Institutions Code, the Bane Act (California Civil Code section 52.1 *et seq.*), the California Constitution, the Federal Civil Rights Act, and the Fourth and Fourteenth Amendments to the United States Constitution.  ECF No. 1.  Named Plaintiff R.M. is "a 17 year old resident of the County of Sonoma" who "[t]hrough her guardian ad litem . . . brings this action for herself and all those similarly situated."  Id. at ¶ 9.  Jenifer Stum seeks appointment as Plaintiff R.M.'s guardian ad litem in this action.

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action."  Fed R. Civ. P. 17(c)(2).

An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).  Under California law, the Court may appoint a guardian ad litem to represent the interests of a person who lacks legal competence to make decisions.  Cal. Civ. Proc. Code § 372(a).  "A court has broad discretion in ruling on a guardian ad litem application." Williams v. Superior Court of San Diego, 147 Cal. App. 4th 36, 47 (2007) (citing In re Emily R.,

1  80 Cal. App. 4th 1344, 1356 (2000)).  When there is no conflict of interest, the guardian ad litem
2  appointment is usually made on application only and involves little exercise of discretion by the
3  court.  In re Marriage of Caballero, 27 Cal. App. 4th 1139, 1149 (1994); Kulya v. City and County
4  of San Francisco, No. 06-cv-06539-JSW, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007).
5  When choosing a guardian ad litem in a civil lawsuit, the most important issue is the protection of
6  the minor's interest in the litigation.  Kulya, 2007 WL 760776, at *1 (citing Williams, 147 Cal.
7  App. 4th at 47).

Plaintiff R.M. is a 17 year old minor.  ECF No. 1 at ¶ 9.  R.M. has stated by declaration that she has no "general guardian."  ECF No. 11 at 3.  R.M. has consented to the appointment of Jenifer Stum, stating that Stum is a "competent and responsible person" who has no apparent conflict of interest with R.M. in the prosecution of this action.  Id.  Stum has likewise consented to the appointment and also declared that, to the best of her knowledge, she has no conflict of interest with R.M. in the prosecution of this action.  Id.

The Court finds that this appointment is in the plaintiff's best interests.  Accordingly, the Court hereby appoints Jenifer Stum as guardian ad litem for Plaintiff R.M.

IT IS SO ORDERED.

Dated: May 12, 2015

_____
JON S. TIGAR
United States District Judge