UNITED STATES DISTRICT COURT

For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| MYRAH MARTINEZ, et al., | No. 3:15-cv-01953-JST (LB) |
| Plaintiffs, | |
| v. | **ORDER RE DISCOVERY** |
| COUNTY OF SONOMA, et al., | [Re: ECF No. 39] |
| Defendants. | |

The parties have a discovery dispute. (Joint Letter, ECF No. 39.[1]) The court held a hearing on October 29, 2015. For the reasons stated on the record, and summarized below, the court rules as follows.

**1. Motion for Protective Order To Preclude Discovery**

The defendants seek juvenile case files. (*Id.* at 1.) They filed a petition for them in state court under California Welfare & Institutions Code § 827. (*Id.*) The plaintiffs seek a protective order, arguing among other things that the defendants cannot file the petitions in state court and instead must seek them only through a federal process. (*Id.* at 1-2.) At the hearing, the plaintiffs' counsel elaborated that he should get the files and produce relevant information from them.

The court denies the motion. Boiled down and described colloquially, the cases that the plaintiffs cite say that (1) the federal law of privileges applies (not state law) and (2) the state rules cannot

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

ORDER
No. 3:15-cv-01953-JST (LB)

prohibit discovery when the federal rules permit it. No case allows the court to prevent the County from seeking relevant information via the petitions. The information is relevant, privacy issues can be addressed by a protective order; and concerns about unfair use of material at depositions can be addressed later. The County seeks case files only of the named plaintiffs. The court ordered the parties to confer on a protective order, and it ordered the County to produce what it gets to the plaintiffs, who then may seek a further protective order.

### 2. Motion to Compel Rule 26(a) Initial Disclosures

Nothing in the record suggests any issue regarding the County's disclosures. The County acknowledged its duty to supplement its initial disclosures on an ongoing basis and discussed the difficulties with its investigation given the regulatory context. The pleadings are not settled and will be shortly. The court denies the motion to compel.

### 3. Motion For Sanctions

The court denies the motion for sanctions and observes that the court's letter-brief process is meant to encourage collaborative discovery and an iterative process.

### 4. Motion To File a Formal Motion for Discovery

The plaintiffs filed their part of the letter brief, seeking permission to file a formal motion. That is not the court's process. First, the iterative process mentioned in the last section works better. Two, the page limits attached to full motions generally are not necessary. The court allows one letter brief per issue; the three-single spaced pages for an initial argument are equivalent to six double-spaced pages and are enough to explain any dispute. Three, a five-week motion-to-hearing timeline makes no sense for discovery disputes that can be resolved faster. If disputes require more legal analysis, the court will order more briefing. These disputes do not. The motion is denied.

This resolves ECF No. 39.

**IT IS SO ORDERED.**

Dated: October 29, 2015

LAUREL BEELER
United States Magistrate Judge