UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| MYRAH MARTINEZ, et al., | No. 3:15-cv-01953-JST (LB) |
| Plaintiffs, | |
| v. | **ORDER RE DISCOVERY DISPUTE LETTER BRIEF DATED DECEMBER 17, 2015** |
| COUNTY OF SONOMA, et al., | |
| Defendants. | [Re: ECF No. 53] |

The parties have a discovery dispute. (Joint Letter, ECF No. 53.[1]) The court finds the matter suitable for disposition without a oral argument under Civil Local Rule 7-1(b). The court denies the plaintiffs' motion for discovery.

The defendants say that the plaintiffs did not provide their position before filing the letter brief. (*Id.* at 4.) The plaintiffs' reason apparently was that they thought it was not "fair" to provide their position ahead of time. (*Id.*) This approach violates the court's process for discovery disputes. (*See* 10/29/15 Order, ECF No. 47 at 2.) At best, that process is meant to require collaboration: the parties discuss their positions, agree on what they can, define what they cannot, describe their disputes, and submit their best compromises. At worst, it can mimic the briefing process (position, opposition, and reply) and get a dispute to the court for resolution in a time period that is speedier than the ordinary five weeks for a motion. Either way, not providing a position in advance does not enable a

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

ORDER
No. 3:15-cv-01953-JST (LB)

meaningful response. The court thus denies the discovery dispute for failure to comply with the court's process. The plaintiffs may not withhold their dispute from the defendants, elicit a response that the defendants characterize as "operating in a vacuum" (Joint Letter, ECF No. 53 at 4), and then expect the court to decide the dispute.

Moreover, the dispute apparently is about the production of contact information for minors identified in incident reports. The defendants dispute that the incident reports contain contact information:

> In the "issue" set forth by Mr. Masuhara, he includes, erroneously, that the "contact information of minors has been has been redacted from documents produced. The incident reports do not include such information. They only include (in some instances) the names of the minor involved in the incident. Some of the incident reports simply refer to the minor as "resident" without even a name attached. Since defendants are being kept in the dark about plaintiffs' position in this joint letter, it is unclear what "contact" information is being referred to in the issue statement.

(*Id.* at 4 n.2.) This fundamental disagreement about what is at stake illustrates why the court cannot decide the dispute in this procedural context.

Finally, the court observes that the information that the plaintiffs seek may be relevant. And if the defendants obtained the records to use in this litigation via the petition process in Welfare & Institutions Code § 827, the court cannot see why the redactions cannot be produced pursuant to court order so long as their use is governed by a protective order. Put another way, it is one thing to require the plaintiffs to pursue a process to obtain records that the defendants do not have. It is another to resist production of records that the defendants already obtained via a section 827 petition. That said, given that the defendants did not see (and therefore could not respond) to the plaintiffs' arguments, the court will not order that remedy without a robust response from the defendants.

The court thus orders the parties to discuss the dispute now that the defendants have seen the full letter brief. After discussing it, the plaintiffs may submit to the defendants a revised letter brief of no more than three pages. Within five business days of receiving the revised letter brief, the defendants must respond in up to three pages. Within five business days after that, the plaintiffs then may reply in one page and include their best proposed compromise. Then, within two business days, the defendants must respond with their best proposed compromise. Within one business day after that, the parties must confer on their compromises and exchange any updated proposed compromises. The

plaintiffs must then file the final letter brief under the Civil Event category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." After reviewing the joint letter brief, the court will evaluate whether future proceedings are necessary, including any further briefing or argument.

This resolves ECF No. 53.

**IT IS SO ORDERED.**

Dated: December 23, 2015

_____
LAUREL BEELER
United States Magistrate Judge