UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRAH MARTINEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 15-cv-01953-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE**<br><br>Re: ECF No. 37 |

Plaintiffs Myrah Martinez, Kitara McCray, Madison Marlene Marvel, and R.M., a minor (collectively, "Plaintiffs"),[1] have filed this section 1983 putative class action against Defendants County of Sonoma ("the County"), Sonoma County Human Services Department ("HSD"), Sonoma County Family, Youth, and Children's Services ("FYCS"), Jerry Dunn (the Director of Human Services for Defendant HSD), Nick Honey (the Director of Defendant FYCS), Stacie Kabour (the Administrator and Manager of the Valley of the Moon Children's Home), and Defendant Does 1 to 100, "who are and/or were officers, agents, employees, contractors, subcontractors, or other persons and or entities who . . . ordered, participated in and or condoned the abuses of plaintiffs" and the putative class members. ECF No. 36 ¶¶ 6–16. Defendants now move to dismiss the state law claims in Plaintiffs' Second Amended Class Action Complaint ("SAC"). ECF No. 37. For the reasons set forth below, the Court will deny in part and grant in part Defendants' motion to dismiss, and will deny Defendants' motion to strike.

///

///

///

---

[1] Star Smith, originally named as a plaintiff in the Complaint and First Amended Complaint, is no longer identified as a plaintiff in the Second Amended Complaint. ECF No. 36.

## I. BACKGROUND

### A. Factual and Procedural Background[2]

Valley of the Moon Children's Home ("VMCH") is a temporary housing facility for juveniles who have been removed from their homes while they await placement in foster care. ECF No. 36 ¶ 19. Sonoma County operates this emergency shelter for abused and neglected children who have been removed from their homes. Id. ¶¶ 18–19. Defendant Kabour manages VMCH under the direction of Defendants HDS, FYCS, and its administrators, Defendants Dunn and Honey. Id. ¶ 18. Plaintiffs were juveniles placed in VMCH for various periods between 1995 and 2014. Id. ¶¶ 6–9. Plaintiffs claim that employees of VMCH violated the putative class members' federal and state rights pursuant to customs and policies promulgated by Defendants. Id. ¶¶ 21–31. Specifically, Plaintiffs allege that all female class members were subject to regular strip searches, and that Defendant Does regularly searched the belongings of all class members, restricted access to their cell phones, physically restrained them, locked them in rooms, prevented them from talking to family and friends, and denied them access to private telephone conversations. Id. ¶ 28–29.

Plaintiff Myrah Martinez is 20 years old and was housed in VMCH several times from 1995 through 2005. Id. ¶ 6. Plaintiff Martinez was strip searched over twenty times while she was housed at VMCH. Id. ¶ 21. These strip searches, which sometimes occurred by force, required her to strip naked and have private parts of her body inspected. Id. Her personal possessions were also searched daily after she returned to VMCH from school or other outside activities. Id.

Plaintiff Kitara McCray is 18 years old and was housed in VMCH for approximately three months beginning in September 2012. Id. ¶ 7. "[W]henever she returned [to VMCH] from school or other outside activity," Plaintiff McCray was required to submit to bodily searches, including a search of her bra whereby she was required to "pull [her bra] away from her body and expose her

---

[2] For the purposes of this order, the Court accepts as true all of the well-pled factual allegations contained in Plaintiffs' SAC. ECF No. 36.

1   breasts." Id. ¶ 22.  Plaintiff McCray was also required to submit to searches of her backpack and

2   personal possessions upon returning to VMCH.  Id.

3         Plaintiff Madison Marlene Marvel is 19 years old and was housed in VMCH during 2011.

4   Id. ¶ 8.  Plaintiff Marvel was strip searched upon entry to VMCH and required "to expose private

5   areas of her body for inspection."  Id. ¶ 23.  In addition to having her personal possessions

6   searched daily, staff members confiscated Marvel's cell phone while she was at VMCH, and

7   Marvel was only permitted to use a phone with the staff's prior approval of the number she sought

8   to dial.  Id.

9         Plaintiff R.M. is 17 years old and was housed in VMCH "at various times from the age of

10  6 until 2014."  Id. ¶ 9.  Plaintiff R.M. had his person and possessions searched every time he

11  returned to VMCH.  Id. ¶ 24.  He was also "placed in restraints, locked in rooms, denied access to

12  his twin brother who was also housed at VMCH while R.M. was there, and [] was subjected to

13  extreme psychological abuse."  Id.

14        Plaintiffs assert that these individual experiences represent the customs, policies, and

15  practices promulgated by Defendants.  Id. ¶¶ 29–30.  Plaintiffs allege Community Care Licensing,

16  a division of the California Department of Social Services, has investigated and cited VMCH for

17  "seizures of residents' cell phones, unreasonable searches of personal possessions, denial of

18  opportunity to make confidential telephone calls, locking of bedrooms thereby denying residents

19  the opportunity to enter their own rooms, and other deficiencies."  Id. ¶ 30.  Additionally,

20  Plaintiffs allege that "incident reports establish the use of unjustifiable restraints (610 within the

21  last five years, 41 resulting in injuries), and sexual abuse and assault."  Id.

22        In response to the harm he suffered at VMCH, Plaintiff R.M. presented a "Group/Class

23  Claim" to the Board of Supervisors for the County of Sonoma on April 27, 2015.  Id. ¶ 2.  On

24  April 30, 2015, Plaintiffs filed a Class Action Complaint against Defendants.  ECF No. 1.

25  Plaintiffs then filed a First Amended Class Action Complaint ("FAC") on May 8, 2015.  ECF No.

26  10.  On June 15, 2015, Defendants filed a motion to dismiss the FAC, ECF No. 19, which motion

27  the Court granted in part and denied in part on September 14, 2015, ECF No. 35.

28        Plaintiffs filed the SAC on September 30, 2015.  ECF No. 36.  The SAC raises the

following eight claims:[3] (1) Unlawful Search (Violation of the Fourth and Fourteenth Amendments; 42 U.S.C. § 1983); (2) Unlawful Seizure of Property (Violation of the Fourth and Fourteenth Amendments; 42 U.S.C. § 1983); (3) Special Relationship (Substantive Due Process; Violation of the First, Fourth, and Fourteenth Amendments; 42 U.S.C. § 1983); (4) Unlawful Policy, Custom, and/or Practice (Violation of the Fourth and Fourteenth Amendments; 42 U.S.C. § 1983); (5) Failure to Train and/or Supervise (Violation of the Fourth and Fourteenth Amendments; 42 U.S.C. § 1983); (6) Unlawful Search (California Welfare and Institutions Code section 16001.9, *et seq.*; California Government Code sections 815.2(a) and 820); (7) Unlawful Seizure of Property (California Welfare and Institutions Code section 16001.9, *et seq.*; California Government Code sections 815.2(a) and 820); and (8) violation of California's Bane Act (California Civil Code section 52.1, *et seq.*; California Government Code sections 815.2(a) and 820). ECF No. 36 at 11–17. Plaintiffs seek declaratory and injunctive relief, compensatory, general, and special damages, punitive damages, attorneys' fees, and recovery for the cost of the suit. Id. at 18.

On October 14, 2015, Defendants filed a motion to dismiss all of the state law claims brought by all of the Plaintiffs, except R.M., because these Plaintiffs allegedly failed to timely submit their claims under the California Government Claims Act. ECF No. 37 at 2. Defendants also seek to dismiss the state law claims as to Plaintiff R.M. based on R.M.'s alleged failure to include sufficient facts regarding the timing of the underlying events in his claim submitted to the Board of Supervisors of the County of Sonoma. Id. Defendants also move to strike portions of the SAC that refer to Plaintiffs' being physically restrained by Defendants. Id. Defendants do not, however, challenge Plaintiffs' federal claims.

///

---

[3] After the Court granted in part and denied in part Defendants' motion to dismiss the FAC, ECF No. 35, Plaintiffs dropped the following claims: (1) Unlawful Restraint (Violation of the Fourth and Fourteenth Amendment; 42 U.S.C. § 1983); (2) Denial of Association (Violation of the First and Fourteenth Amendment; 42 U.S.C. § 1983); (3) Unlawful Restraint (California Welfare and Institutions Code section 16001.9, *et seq.*; California Government Code sections 815.2(a) and 820); (4) Denial of Association (California Welfare and Institutions Code section 16001.9, *et seq.*; California Government Code sections 815.2(a) and 820); and (5) Intentional Infliction of Emotional Distress (California Government Code sections 815.2(a) and 820).

### B. Jurisdiction

As several of Plaintiffs' claims arise under 42 U.S.C. § 1983, this Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. § 1367.

## II. MOTION TO DISMISS

### A. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir. 1984). "The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). District courts "should grant leave to amend even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012).

### B. Plaintiffs' State Law Claims

Plaintiffs allege three claims against Defendants under California state law. Defendants assert that none of the Plaintiffs have adequately pleaded compliance with the California Government Claims Act, which requires that personal injury claims for money damages against a public employee must be filed with the California Victim Compensation and Government Claims

Board within six month of accrual of the cause of action that forms the basis of the claim.  Cal. Gov't Code § 911.2(a); see also Ashker v. Cate, No. 09-cv-2948-CW, 2012 WL 1094436, *7 (N.D. Cal. Mar. 30, 2012) ("Pursuant to . . . Cal. Gov't Code §§ 900 *et seq.*, a personal injury claim against a public employee must be filed with the Board within six months after the date of the event that gave rise to the claim.").  As a result, Defendants argue that all Plaintiffs are barred from bringing their state law claims for money damages.

### i. Plaintiff R.M.

Plaintiff R.M. presented a "Group/Class Claim" to the Board of Supervisors for the County of Sonoma on April 27, 2015.  ECF No. 36 ¶ 2, Exhibit A.  R.M.'s claim stated, in part:

> R.M. has been housed in [VMCH] several times since he was six years old, most recently for a period of four months ending in December, 2014.  During those periods he was housed at [VMCH], pursuant to policy and practice of the institution, he was regularly denied the right to make confidential telephone calls and his personal cell phone was taken from him when he returned from school and only returned to him when he left for school the next day.  He was not permitted access to his own cell phone during weekends or other days when he did not attend school.
>
> R.M. was physically restrained, resulting in injury.  His personal belongings, including his backpack, were searched daily upon return from school, as was his room which was searched without prior notification.  He was verbally abused and staff used their access to a log of items known to trigger emotional responses to taunt and provoke him.
>
> While experiencing the above-mentioned abuses, in violation of the designated California Welfare and Institutions Code sections, R.M. observed similar abuse of other juveniles also housed at [VMCH].  On occasion juveniles were locked in rooms or portions of [VMCH].  Juveniles were regularly and repeatedly strip searched and observed while showering in violation of the state and federal constitutional prohibitions [against] unreasonable searches.

ECF No. 36, Exhibit A.  Defendants argue that R.M.'s claim presented to the Board of Supervisors for the County of Sonoma was deficient because it is "silent as to any information on the date, time of loss, injury or damage."  ECF No. 37 at 7.

The Court finds Defendants' argument unconvincing.  California Government Code section 910 provides that a "claim shall be presented by the claimant and . . . shall show all of the following: . . . (c) The date, place and other circumstances of the occurrence or transaction which

gave rise to the claim asserted." Under California law, however, "a claim need not strictly comply with § 910 in order to be considered a claim." Santos v. Merritt College, No. 07-cv-5227-EMC, 2008 WL 4570708, at *3 (N.D. Cal. Oct. 14, 2008) (citing State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1245 (2004)). Rather, "[s]ubstantial compliance is sufficient." Id. (citing Ditts v. Cantua Elementary School District, 189 Cal. App. 3d 27, 33 (1987)).

Here, R.M.'s claim stated he "was housed in [VMCH] several times since he was six years old, most recently for a *period of four months ending in December, 2014*." ECF No. 36, Exhibit A (emphasis added). Based on this narrowly-defined timeframe, combined with the allegation that the injuries occurred "during those periods[,]" "daily[,]" and "regularly[,]" the Court concludes that R.M. complied with section 910(c)'s requirement that the claim "show . . [t]he date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted." Defendants cite no authority which would support a finding that the level of specificity provided by R.M.'s claim did not substantially comply with section 910(c). ECF No. 37 at 7–8.

Moreover, even if the timing information in R.M.'s claim were found to be insufficient, Defendants have waived any defense regarding the sufficiency of R.M.'s claim because Defendants did not send a notice of insufficiency to R.M. Cal. Gov't Code § 910.8 ("If . . . a claim as presented fails to comply substantially with the requirements of Sections 910 and 910.2, . . . the board . . . may, at any time within 20 days after the claim is presented, give written notice of its insufficiency, stating with particularity the defects or omissions therein); Cal. Gov't Code § 911 ("Any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to the defect or omission as provided in Section 910.8 . . . ."); see also Green v. State Center Community College District, 34 Cal. App. 4th 1348, 1354 (1995) ("If the public entity fails to send this notice, it *waives* any defenses as to the sufficiency of the claim based upon a defect or omission.") (emphasis in original). Accordingly, the Court denies Defendants' motion to dismiss the state law claims brought by Plaintiff R.M.[4]

---

[4] In their reply brief, Defendants argue that R.M.'s claim does not substantially comply with the Government Claims Act because R.M. failed to wait until Defendants took any action on R.M.'s

### ii.     **Plaintiffs Martinez, Marvel, and McCray**

Defendants argue that Plaintiffs Martinez, Marvel, and McCray failed to file a claim with the California Victim Compensation and Government Claims Board within six months of the accrual of their personal injury claim, as required by California Government Code section 911.2(a).  ECF No. 37 at 5–7.  Plaintiffs Martinez, Marvel, and McCray respond that although they did not file a claim within six months of the events underlying their state law claims, the requirement that they file a claim pursuant to the Government Claims Act was tolled by the "delayed discovery doctrine."  ECF No. 43 at 5–7.

Under the delayed discovery doctrine, "a cause of action does not accrue until the plaintiff discovers, or has reason to discover, the cause of action," which occurs "when he or she has reason to at least suspect a factual basis for its elements."  S.M. v. Los Angeles Unified Sch. Dist., 184 Cal. App. 4th 712, 717 (2010). "Suspicion of one or more of the elements, coupled with knowledge of any remaining elements, will generally trigger the applicable limitations period." Id.  In conducting this analysis, California courts do not take a "hypertechnical approach."  Id. Rather, California courts "look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them."  Id.

In the SAC, Plaintiffs Martinez, Marvel, and McCray allege that they:

> did not discover, or have reason to discover, due to their youth, ignorance, vulnerability, and inexperience, their causes of action available under state law, asserted herein, until they received the opportunity to discuss their experiences in the Valley of the Moon Children's Home with an independent, unbiased, and non-COUNTY OF SONOMA-affiliated adult. These discussions occurred from December 2014 to March 2015, and it was during that time period that Plaintiff[s'] . . . state law causes of action accrued.

ECF No. 36 ¶ 3.  Plaintiffs Martinez, Marvel, and McCray argue that, as a result, they can rely on the "Group/Class Claim" presented by Plaintiff R.M. on April 27, 2015 to satisfy the six month

---

claim before filing suit.  ECF No. 49 at 4.  While "California Government Code § 945.4 requires as a prerequisite to maintenance of an action against a public entity for damages arising out of an alleged tort the timely filing of a claim and its rejection by such entity," Garber v. City of Clovis, 698 F. Supp. 2d 1204, 1211 (E.D. Cal. 2010), the Court declines to address this argument because "[i]t is inappropriate to consider arguments raised for the first time in a reply brief."  Ass'n of Irritated Residents v. C & R Vanderham Dairy, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006).

8

1  requirement of California Government Code section 911.2(a).  Id.

2  The Court previously rejected this argument, noting that "[if] Plaintiffs' wish to plead compliance with the presentation requirement in an amended complaint, they must allege facts regarding the dates by which each Plaintiff became aware of the existence of their claims and the reasons why each Plaintiff could not have learned the existence of the claims at a prior date." ECF No. 35 at 7.  The SAC fails to do so.  Instead, the SAC continues to provide a conclusory, blanket statement as to the reason why all three Plaintiffs allegedly could not have learned of the existence of their claims earlier.  ECF No. 36 ¶ 3.

Moreover, the reason suggested by Plaintiffs in the SAC is not plausible.  Plaintiffs claim that due to their youth, they could not have discovered their causes of action until "they received the opportunity to discuss their experiences in the [VMCH] with an independent, unbiased, and non-COUNTY OF SONOMA-affiliated adult."  ECF No. 36 ¶ 3.  Plaintiffs do not suggest any reason why they could not have discovered their causes of action once they reached adulthood.  However, Plaintiffs Martinez and Marvel became adults more than six months before Plaintiff R.M.'s claim was filed on April 27, 2015.[5]  While it is unclear whether Plaintiff McCray reached adulthood more than six months before Plaintiff R.M. filed his claim,[6] the SAC simply does not provide the Court with sufficient detail from which the Court could conclude that the delayed discovery doctrine should apply to Plaintiff McCray.  Indeed, Plaintiff McCray has not lived at VMCH since 2012, ECF No. 36 ¶ 7, and the SAC provides no detail why Plaintiff McCray did not have the opportunity to discuss her experience at VMCH with "an independent, unbiased, and non-COUNTY OF SONOMA-affiliated adult" between 2012 and December 2014.  ECF No. 36 ¶ 3.

The Court concludes that Plaintiffs Martinez, Marvel, and McCray have still not shown that the delayed discovery doctrine applies to their state law claims.  Accordingly, Defendants'

---

[5] Plaintiff Martinez was 20 years old, and Plaintiff Marvel was 19 years old, as of September 30, 2015.  ECF No. 36 ¶ 6.  Accordingly, Plaintiff Martinez achieved adulthood on September 30, 2013 at the latest.  Plaintiff Marvel achieved adulthood on September 30, 2014 at the latest.  Both of these dates are more than six months prior to the filing of R.M.'s claim on April 27, 2015.
[6] Plaintiff McCray was 18 years old at least as of April 30, 2015.  ECF No. 1 ¶ 6.

United States District Court
Northern District of California

motion to dismiss the state law claims for money damages[7] of Plaintiffs Martinez, Marvel, and McCray is granted.[8] Because Plaintiffs Martinez, Marvel, and McCray have previously been given the opportunity to amend these claims and have failed to remedy the previous deficiencies noted by the Court, the Court determines that further amendment would be futile.

### III.  MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) authorizes the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The Ninth Circuit has defined 'immaterial' matter as 'that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" Peterson v. Mazda Motor of Am., Inc., 44 F. Supp. 3d 965, 968 (C.D. Cal. 2014) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993)). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks and citation omitted). Motions to strike are generally disfavored, and should typically be denied "unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." Rosales v. Citibank, Fed. Sav. Bank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007).

The Court previously dismissed Plaintiffs' unlawful restraint claims with leave to amend. ECF No. 35 at 9–10. Rather than amending these claims, Plaintiffs have entirely removed them from the SAC. ECF No. 36. Defendants argue that because Plaintiffs no longer bring causes of action for unlawful restraint, the Court should strike any reference to "unlawful restraints" or individuals being "locked in rooms" at VMCH as immaterial. ECF No. 37 at 8–9. Defendants

---

[7] The California Government Claims Act only applies to claims for money damages. Hightower v. Tilton, No. 08-cv-1129, 2012 WL 1194720, at *4 (E.D. Cal. Apr. 10, 2012) (stating that the Government Claims Act "is inapplicable to claims for declaratory or injunctive relief").

[8] Because the Court finds that the delayed discovery doctrine does not apply to the claims of Plaintiffs Martinez, Marvel, and McCray, the Court will not address whether R.M.'s "Group/Class" claim is sufficient to act as a representative claim for these Plaintiffs.

further argue that the "conclusory allegations of psychological abuse or physical abuse do not support a factual basis for any claim, but are inflammatory." ECF No. 49 at 6.

Plaintiffs oppose Defendants' motion to strike, arguing that the allegations at issue provide relevant context and background for Plaintiffs' other claims. ECF No. 43 at 8–11. In particular, Plaintiffs argue that the challenged language provides background related to their supervisory liability, Monell liability, and special relationship claims that Plaintiffs have properly pleaded. Id. at 10–11.

Allegations relating to a claim no longer pleaded can still provide useful information for a Plaintiff's remaining claims. See Peterson, 44 F. Supp. 3d at 969 ("Although [plaintiff] is no longer pursuing relief based specifically on [defendant's] warranties or representations, the allegations and exhibits still provide useful background information about [defendant's] express warranties. Those warranties, in turn, are related to [plaintiff's] UCL claims . . ."). The Court concludes that the portions of the SAC that Defendants seek to strike provide additional context related to Plaintiffs' living conditions at VMCH and therefore may provide useful background information relevant to Plaintiffs' remaining claims, including Plaintiffs' unlawful search, unlawful seizure, and special relationship claims. Moreover, the Court finds that Defendants will not be overly prejudiced by allowing the contested content to remain in the SAC. See Boyd v. Avanquest North Am. Inc, No. 12-cv-04391-WHO, 2014 WL 7183988, at *5 (N.D. Cal. Dec. 16, 2014) ("Since the SAC will not be presented to the jury and these provisions are potentially relevant to the allegations, [Defendant's] argument of prejudice falls short."). Accordingly, the Court denies Defendants' motion to strike.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to dismiss as to Plaintiff R.M.'s state law claims. The Court grants Defendants' motion to dismiss as to the state law claims for money damages of Plaintiffs Martinez, Marvel, and McCray. Because Plaintiffs Martinez, Marvel, and McCray have previously been given the opportunity to amend these claims and have failed to remedy the previous deficiencies noted by the Court, the Court determines that further amendment would be futile. Accordingly, these claims are dismissed without leave to

1  amend.  Finally, the Court denies Defendants' motion to strike.

2       IT IS SO ORDERED.

3  Dated:  January 4, 2016

_____
JON S. TIGAR
United States District Judge