UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYRAH MARTINEZ, et al.,

         Plaintiffs,

   v.

COUNTY OF SONOMA, et al.,

         Defendants.

Case No.  15-cv-01953-JST

**SCHEDULING ORDER**

The Court hereby sets the following case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

| Event | Deadline |
|---|---|
| Deadline to add parties or amend the pleadings | February 10, 2016 |
| Further Case Management Conference | May 4, 2016 |
| Plaintiffs' Motion for Class Certification | January 27, 2017 |
| Opposition to Class Certification | February 24, 2017 |
| Class Certification Reply | March 10, 2017 |

The Court will set a further Case Management Conference in its order regarding class certification.  If the Court's order neglects to do this, the parties must request the setting of a further Case Management Conference within ten days of the issuance Court's class certification order.

*United States District Court
Northern District of California*

1    The Court notes that no party has requested that fact discovery end, or that expert

2  disclosures take place, prior to a decision on the issue of class certification.  The Court therefore

3  does not address those topics in this order.

4    The Defendants request that the Court initially limit bifurcate (or trifurcate) discovery, so

5  that discovery would proceed initially only as to the issue of "absolute and qualified immunity."

6  ECF No. 31 at 5.  Defendants also request that the Court allow the filing of a motion for summary

7  judgment on the issue of immunity, and then another on the question of liability, before the Court

8  reaches the question of class certification.  Id. at 8.

9    The Court recognizes that "[w]here the defendant seeks qualified immunity, a ruling on

10  that issue should be made early in the proceedings so that the costs and expenses of trial are

11  avoided where the defense is dispositive."  Conner v. Heiman, 672 F.3d 1126, 1130-31 (9th Cir.

12  2012) (quoting Saucier v. Katz, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001),

13  overruled in part on other grounds by *1131 Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808,

14  172 L.Ed.2d 565 (2009)); Turner v. Craig, No. C 09-03652 SI, 2011 WL 2600648, at *6 (N.D.

15  Cal. June 30, 2011) aff'd, 510 F. App'x 587 (9th Cir. 2013).  Accordingly, the Court will permit

16  the Defendants to file a separate motion solely on the issue of immunity, which motion shall not

17  count against the undersigned's presumptive limit of one summary judgment motion.  See

18  Standing Order for All Civil Cases Before District Judge Jon S. Tigar at 2 ("Absent good cause,

19  the Court will consider only one motion for summary judgment per party.").  That motion may be

20  filed at any time that is at least 110 days before trial.  The Court will not, however, bifurcate

21  discovery.

22    Counsel may not modify these dates without leave of court.  The parties shall comply with

23  the Court's standing orders, which are available at cand.uscourts.gov/jstorders.

24    The parties must take all necessary steps to conduct discovery, compel discovery, hire

25  counsel, retain experts, and manage their calendars so that they can complete discovery in a timely

26  manner and appear at trial on the noticed and scheduled dates.  All counsel must arrange their

27  calendars to accommodate these dates, or arrange to substitute or associate in counsel who can.

28

United States District Court
Northern District of California

2

1        Dates set by this Court should be regarded as firm.  Requests for continuance are

2   disfavored.  The Court will not consider the pendency of settlement discussions as good cause to

3   grant a continuance.

4        IT IS SO ORDERED.

5   Dated:  January 27, 2016

6

7   _____

8                    JON S. TIGAR
                    United States District Judge

9

10

11

United States District Court
Northern District of California

3