UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRAH MARTINEZ, et al., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>COUNTY OF SONOMA, et al., <br><br>　　　　　Defendants. | Case No. 15-cv-01953-JST <br><br>**ORDER GRANTING MOTION TO STRIKE** <br><br>Re: ECF No. 61 |

Before the Court is Plaintiffs' Motion to Strike Defendants' Affirmative Defenses from Defendants' Joint Answer. ECF No. 61. The motion is granted.

## I.   BACKGROUND

### A.   Factual Background

The factual background of this case is well known to the parties and has been discussed at length by the Court in its previous orders on Defendants' motions to dismiss. See, e.g., Martinez v. County of Sonoma, No. 15-cv-1953-JST, 2016 WL 39753, at *1–2 (N.D. Cal. Jan. 4, 2016).

### B.   Procedural Background

Plaintiffs, four individuals who were housed at the Valley of the Moon Children's Home for various periods of time between 1995 and 2014, filed a Class Action Complaint on April 30, 2015, alleging that Defendants have subjected Plaintiffs " to a host of abuses, including regular strip searches, daily searches of their belongings, restriction of access to their cell phones, physical restraint, being locked into rooms, [being] prevented from contacting family and friends, and [being] denied the right to private telephone conversations." ECF No. 1 at 1–2. On May 8, 2015, Plaintiffs filed a First Amended Complaint ("FAC"). ECF No. 10. Defendants filed a Motion to Dismiss the FAC, which motion the Court granted in part and denied in part with leave to amend on September 14, 2015. ECF No. 35.

On September 30, 2015, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No. 36. Defendants filed a Motion to Dismiss and a Motion to Strike the SAC, which motion the Court granted in part and denied in part on January 4, 2016. ECF No. 55. Defendants then jointly filed an Answer to the SAC on January 19, 2016. ECF No. 57. On February 9, 2016, Plaintiffs filed a Motion to Strike Defendants' Answer, ECF No. 61, which motion the Court now considers.

## II.   MOTION TO STRIKE

### A.   Legal Standard

Under Federal Rule of Civil Procedure 12(f), a district court may strike from the pleadings "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficiently pleaded if it fails to give a plaintiff "fair notice" of the nature of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). Although the Ninth Circuit has not addressed whether the Twombly/Iqbal heightened pleading standard applies to motions to strike affirmative defenses, the Court agrees with the many judges in this district who have found that the Twombly/Iqbal standard applies.[1] See, e.g., Hernandez v. County of Monterey, 306 F.R.D. 279, 283 (N.D. Cal. 2015) ("Most district courts in this circuit agree that the heightened pleading standard of *Twombly* and *Iqbal* . . . is now the correct standard to apply to affirmative defenses.") (internal quotation marks omitted); Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp. 2d 925, 928 (N. D. Cal. 2012) ("Most courts have held that the Iqbal/Twombly pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief."); Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8.").

Applying this heightened pleading standard requires a defendant to provide "some valid factual basis for pleading an affirmative defense" and allows a district court to "weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings."

---

[1] While Defendants cite a handful of pre-Twombly cases to support their claim that the pleading standard for affirmative defenses is lower than that for claims in a complaint, see ECF No. 66 at 5–6, Defendants offer no argument why the Court should hold so in light of Iqbal, Twombly, and the many district court decisions in this district holding otherwise.

2

1  Barnes, 718 F. Supp. 2d at 1172 (internal quotation marks omitted).  "Just as a plaintiff's
2  complaint must allege enough supporting facts to nudge a legal claim across the line separating
3  plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a
4  plaintiff on notice of the underlying factual bases of the defense."  Hernandez, 306 F.R.D. at 284.
5  If an affirmative defense is stricken, the court should freely grant leave to amend when doing so
6  would not cause prejudice to the opposing party.  Wyshak, 607 F.2d at 826.

      **B.**     **Discussion**

Plaintiffs move to strike each of Defendants' affirmative defenses.  ECF No. 61.  Plaintiffs argue that Defendants have failed to plead sufficient factual allegations regarding each of their purported affirmative defenses.  Plaintiffs further argue that Affirmative Defense Nos. 1 (failure to state a claim), 2 (failure to mitigate), 7 (the Rooker-Feldman doctrine), 10 (no private right of action), 11 (no properly pleaded class), and 12 (reservation of right to include additional affirmative defenses) are not legally cognizable as affirmative defenses.

Defendants respond that that "factual support for each affirmative defense is clearly included in the [A]nswer . . ." because admissions or denials appearing earlier in their Answer serve as the factual basis for their subsequent affirmative defenses.  ECF No. 66 at 7.  Defendants further argue that Affirmative Defense No. 1 ("Failure to State a Claim") is a proper affirmative defense.  Id. at 7.  Defendants do not respond to Plaintiffs' assertion that Affirmative Defense Nos. 2, 7, and 10 are not legally cognizable.  With respect to Affirmative Defense No. 11, Defendants argue that to the extent that the affirmative defense is actually a denial that was improperly labeled as an affirmative defense, the affirmative defense should not be stricken because Plaintiffs have suffered no prejudice by the mislabeling.  Id. at 8–9.  Finally, Defendants concede that what Plaintiffs have labeled as Affirmative Defense No. 12 (the reservation of a right to include additional affirmative defenses) [2] was "<u>not</u> asserted as an affirmative defense."  Id. at 5 (emphasis in original).  In this respect, Defendants assert they will seek leave from the court to amend the

---

[2] The Answer states: "Defendants reserve the right to include any additional affirmative defenses upon the discovery of facts sufficient to support said defenses, and/or dependent upon the outcome of pending petitions under W & I Code section 827."  ECF No. 57 at 11.

3

1   Answer should they uncover additional affirmative defenses.  Id. at 5.

### 1. Affirmative Defense Nos. 1 and 11

Plaintiffs first argue that Affirmative Defense Nos. 1 and 11 are not cognizable as affirmative defenses.  ECF No. 61 at 4–5, 13–14.

#### a. Affirmative Defense No. 1: Failure to State a Claim

Defendants' Answer asserts the following affirmative defense: "AS AND FOR A FIRST, SEPARATE DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, defendants allege that the complaint fails to state facts sufficient to constitute any valid claim for relief against any defendant."  ECF No. 57 at 10.

Plaintiffs argue that failure to state a claim "is not an affirmative defense—it is a denial regarding the sufficiency of Plaintiffs' factual allegations."  ECF No. 61 at 4 (emphasis in original).  Defendants rely on Miller v. Fuhu Inc., No. 14-cv-6119, 2014 WL 4748299, at *2 (C.D. Cal. Sept. 22, 2014) for the proposition that "failure to state a claim" is, in fact, an affirmative defense.  ECF No. 66 at 7.  Miller cites no authority for this conclusion, however, and there is ample authority for the contrary proposition that "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [a plaintiff's] prima facie case."  Barnes, 718 F. Supp. 2d at 1174; see also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." ); Richmond v. Mission Bank, No. 14-cv-00184, 2014 WL 2002312, at *5 (E.D. Cal. May 15, 2014) (striking failure to state a claim as an affirmative defense in defendant's answer and noting that "numerous courts have determined this is not a proper affirmative defense because it is simply an assertion of a defect in the complaint").  Accordingly, the Court strikes Defendants' Affirmative Defense No. 1 without leave to amend.

#### b. Affirmative Defense No. 11: Denial of Class Allegations

Defendants' Answer asserts the following affirmative defense: "AS AND FOR A ELEVENTH, SEPARATE DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, defendants allege that plaintiffs are not representative of any particular class or classes; that plaintiffs' claims represent particularized damages such that class

4

action status is inappropriate, and therefore plaintiffs lack standing to sue on behalf of unnamed class members." ECF No. 57 at 11.  Plaintiffs argue that "denial of class allegations" "is not an affirmative defense—it is a denial that Plaintiffs can adequately prove or maintain this matter as a class action . . . ." ECF No. 61 at 13 (emphasis in original).  Defendants respond that "mere denials may be considered as such especially if the plaintiff has failed to show any prejudice by their presence in an answer . . ." ECF No. 66 at 8.  However, Defendants do not cite any authority for the proposition that a denial of class allegations is a proper affirmative defense.

The Court concludes that purported Affirmative Defense No. 11 is not a cognizable affirmative defense.  See Miller, 2014 WL 4748299, at *2 (finding that purported affirmative defenses, which sought to attack the plaintiff's ability to bring a class action were "not affirmative defenses, and [were] more appropriately addressed on a motion for class certification "); Sanchez v. Roka Akor Chicago LLC, No. 14-cv-4645, 2015 WL 122747, at *3 (N.D. Ill. Jan. 9, 2015) (granting motion to strike purported affirmative defense challenging sufficiency of class allegations and noting "it is . . . clear that class certification is best addressed in the context of a motion that [Defendant] will be able to oppose regardless of the presence of its single-sentence class certification affirmative defense").  As such, this purported defense must be stricken without leave to amend.[3]

### 2. Affirmative Defense Nos. 2–10

Plaintiffs argue that Affirmative Defense Nos. 2–10 are factually insufficient under the Twombly/Iqbal pleading standard because each of these defenses "is mere boilerplate, 'shotgun' pleading, lacking any supporting allegations specifically tailored to the factual circumstances of this matter." ECF No. 61 at 2.  Defendants respond that "[r]eading the affirmative defenses in light of all of the factual allegations of the answer otherwise . . . indicates support factually and

---

[3] Plaintiffs also argue that Affirmative Defense Nos. 2, 7, and 10 are not cognizable as affirmative defenses.  Because plaintiffs do not cite any authority that is directly on point and the Court concludes that these affirmative defenses should be stricken for alternative reasons—namely that each of these affirmative defenses, as pleaded by Defendants, fails to meet the Twombly/Iqbal pleading standard—the Court declines to determine whether each of these defenses is cognizable as an affirmative defense.

5

legally for the affirmative defenses raised by the defendants," ECF No. 66 at 7, despite the fact that each of the affirmative defenses does not explicitly incorporate the prior allegations made in the Answer.

The Court concludes Affirmative Defense Nos. 2–10 each fail to put Plaintiffs "on notice of the underlying factual bases of the defense." Hernandez, 306 F.R.D. at 284. None of the affirmative defenses include any factual allegations at all. It is hard to imagine a more conclusory, boilerplate set of affirmative defenses than those pleaded here.

For example, Defendants' Fifth Affirmative Defense states in whole: "AS AND FOR A FIFTH, SEPARATE DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, defendant alleges that the complaint is barred by applicable statute of limitations and/or laches." ECF No. 57 at 10. "This fails to point to the existence of some identifiable fact that if applicable to [Plaintiffs] would make the affirmative defense plausible on its face." Id. at 285 (internal quotation marks omitted). "Fair notice pleading is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof." Id. (internal quotation marks omitted). Accordingly, the Court strikes this affirmative defense from Defendants' Answer without prejudice.

Because Affirmative Defense Nos. 2–4 and 6–10 are similarly devoid of any factual allegations, which would put Plaintiffs on notice for the basis of these affirmative defenses, the Court strikes each of these affirmative defenses without prejudice.

**CONCLUSION**

Plaintiffs' Motion to Strike is granted with leave to amend regarding Affirmative Defense Nos. 2, 3, 4, 5, 6, 7, 8, 9, and 10. The motion is granted without leave to amend with respect to

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  Affirmative Defense Nos. 1 and 11.  Defendants may file an amended answer within fourteen days
2  of the filing date of this order.
3      IT IS SO ORDERED.
4  Dated: April 1, 2016

_____
JON S. TIGAR
United States District Judge